CLYDE MORGAN, et al, v. STATE.

151 So. 697.

Opinion Filed December 27, 1933.
Rehearing denied January 8, 1934.

*Knight & Knight,* for Plaintiffs in Error.

*Cary D. Landis,* Attorney General, and *Roy Campbell* and *J. V. Keen,* for the State.

DAVIS, C. J.—Clyde Morgan and Ferrel Morgan were indicted for aggravated assault and on trial by jury were found guilty of assault and battery. Sentence to a fine of $10.00 and costs with an alternative of sixty days in jail was imposed on each defendant.

Both defendants were minors not married. Objection is made that due notice of the return of the indictment was not served on the parents of the boys prior to trial, as required by Section 8322 C. G. L., 6028 R. G. S. But the record shows that a telegraphic notice was dispatched to the father of the boys at Plant City, and one of the defendants admitted on inquiry by the trial judge that he had written to his father about the pending prosecution long prior to the trial which was held at the November term of the court on a charge that originated in April of the same year. The Court appointed able counsel to represent the defendants whose efforts in their behalf were so successful that the trial jury reduced the charge of aggravated assault to a conviction of assault and battery. This error of procedure as to giving notice was not so prejudicial as to warrant a reversal and retrial of the case, in view of the fact that the conviction was for a much less offense than the evidence would have sustained.

During the course of the trial, events transpired which under different circumstances might cause a reversal of the convictions. But in view of the fact that the verdict was for a minor degree of the offense originally presented, and in view of the fact that the evidence is ample to sustain the verdict, errors in procedure such as are complained of, should be regarded as cured by the harmless error statute,

Section 4499 C. G. L., 2812 R. G. S., which precludes reversal for error as to any matter of procedure when, in the opinion of the reviewing court, after an examination of the entire case, it appears that the errors of procedure complained of have not resulted in a miscarriage of justice. The statute is but the incorporation into the law of criminal appeals of the ancient legal maxim *de minimis lex non curat.*

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.